PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SUCCESSORS OF JUAN FERNÁNDEZ, Defendants and Appellants.

No. 2607. Argued January 19, 1926.—Decided April 23, 1926.

*R. Arjona Siaca* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A prosecution was begun against a firm, named Sucesores de Juan Fernández, S. en C. The charge was the sale of bread under weight. After a conviction and fine of $25 the defendant firm appealed and duly assigned various errors. The *Fiscal* discusses two of them and agrees to a reversal. He refers to a case (*People* v. *Seda*) decided by us on the 28th of April, 1925. Although this case is reported in the advance sheets of this court, 34 P.R.R. 202, perfectly accessible to everyone, it was not cited by volume and number as should have been done.

In the opinion of that case we said:

"On the face of this judgment a fatal defect clearly appears. It finds the 'defendant' guilty. The complaint was not made against the firm of Seda & Font, nor could such a complaint have been made against the social entity. Perhaps this was a mistake of the court on this point in referring in the singular number to the 'defendant' although it clearly appears from the said complaint that it was made against the two individual members of the firm, giving their names.

And if such is the case, it can not be known which of them was found guilty, for the name of the defendant sentenced is not given.''

█ The judgment in that case, it may be said, was reversed because the defendants were not identified in the judgment and the statement therein that no prosecution may be had against a firm as such, might be considered to be *obiter*, but we now confirm such statement as a correct exposition of the law. We find no authority anywhere in the codes or statutes of Porto Rico for such a prosecution. The *Fiscal* somewhat ambiguously says that a prosecution might be had against the firm and its individual members. As corporations may be proceeded against (sections 453 *et seq.*, Code of Criminal Procedure) and as in Porto Rico a firm in general is an entity similar to a corporation, the law should authorize similar prosecutions against firms, but under the state of the law it is only against the individual members, or perhaps better against the managing partner or partners, that a complaint or information may be filed. With the exception of corporations, individual prosecutions are the rule of this territory. Only corporations are mentioned in the English version of sections 453 *et seq.* of the Code of Criminal Procedure, *supra*.

Section 5 of the Penal Code provides:

''No person shall be arrested for any crime or offense unless such crime or offense is expressly declared in this Code, except for crimes and offenses against the laws of the United States applicable to Porto Rico and the enactments of the Legislative Assembly of Porto Rico and laws enacted by Congress of the United States for Porto Rico.''

The first eleven paragraphs of the Code of Criminal Procedure show that a defendant is a ''person'' or a ''party'' and in section 11 the personal pronouns ''he,'' ''his'' or ''him'' are used to describe a defendant.

Section 559 of the Penal Code provides that words used in the masculine gender shall be held to include all genders, except where such construction would be absurd or unreason-

able; that the word "person" includes a corporation as well as a natural person. Firms are not mentioned and it is a case of *expressio unius est exclusio alterius.*

Error is also charged in that at the date of the prosecution the appellant firm had been dissolved. It is entering a metaphysical realm to know how or how far a dissolved firm might be prosecuted. It would seem likely that if means were furnished to prosecute a firm, means would be given to proceed after a dissolution. If the firm is to be likened to a corporation, we are inclined to agree that in general such a firm should not be prosecuted after dissolution, but only its individual members.

However, the real ground of the reversal in this case must be that no valid prosecution may be had against a firm and it is unnecessary to consider the other assignments of error. The judgment must be reversed and the defendant discharged.